IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL A. GARNER,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00071-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Michael A. Garner's ("Mr. Garner") complaint.[2] Mr. Garner is proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Garner's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that this action be dismissed without prejudice.

## BACKGROUND

Mr. Garner, an inmate at the United States Penitentiary in Tucson, Arizona, initiated this action on February 7, 2022, when he filed his motion for leave to proceed under the IFP Statute.[4]

---

[1] ECF No. 8.

[2] ECF No. 4.

[3] ECF No. 3.

[4] ECF No. 1.

The court granted that motion on March 14, 2022,[5] and Mr. Garner's complaint was filed the same day.[6] Mr. Garner names the Internal Revenue Service ("IRS") as the lone defendant and generally alleges that the IRS failed to provide him with economic impact payments (individually, "EIP" and collectively, "EIPs") related to the COVID-19 pandemic. Specifically, Mr. Garner contends that on October 15, 2020, he "submitted an IRS Form 1040 to receive the $1800.00 COVID[-]19 [EIP], then again on February 15, 2021, [he] submitted an IRS Form 1040 to receive the $1400.00 COVID[-]19 [EIP]."[7] Mr. Garner asks the court to "compel the . . . [IRS] to issue the $3200 plus interest as promised by the President of the United States and also to include $350.00 to reimburse [his] cost of this court filling [sic]."[8]

## ANALYSIS

As demonstrated below: (I) this court is not the proper venue for this action; and (II) because transfer would not serve the interests of justice, this action should be dismissed for improper venue. Therefore, the court recommends that this action be dismissed without prejudice.

I.  **This Court Is Not the Proper Venue for This Action.**

Given that Mr. Garner is proceeding under the IFP Statute, the court may consider *sua sponte* whether this action should be dismissed based upon an affirmative defense, such as

---

[5] ECF No. 3.

[6] ECF No. 4.

[7] *Id.* at 1.

[8] *Id.* at 2.

improper venue.[9] However, "the district court may consider . . . venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[10] Additionally, "the district court may dismiss under [the IFP Statute] only if it is clear that [the plaintiff] can allege no set of facts . . . to support . . . venue."[11] As shown below, the defense of improper venue is obvious from the face of Mr. Garner's complaint, and he cannot allege any set of facts that would support venue in this court.

Because Mr. Garner is suing the IRS, which is an agency of the United States, venue for this action is governed by 28 U.S.C. § 1391(e)(1), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.[12]

Mr. Garner's complaint clearly demonstrates that venue is not proper in this court. First, Mr. Garner is suing the IRS, which is deemed to reside in Washington, D.C.[13] Second, the

---

[9] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[10] *Id*. at 1217 (quotations and citation omitted).

[11] *Id*. (second alteration in original) (quotations and citation omitted).

[12] 28 U.S.C. § 1391(e)(1).

[13] *Murphy v. U.S. Internal Revenue Serv. Taxpayer Advoc.*, No. 1:21-cv-01238-DAD-SKO, 2021 WL 3663531, at *1 (E.D. Cal. Aug. 18, 2021) ("For the purposes of venue under 28 U.S.C. § 1391(e)(1), federal agencies, such as the IRS, are deemed to reside in the District of Columbia."); *Adams, Nash & Haskell, Inc. v. United States*, No. 2:19-CV-03529, 2020 WL

allegations in Mr. Garner's complaint do not involve any acts or omissions that occurred in the District of Utah, and there is no property located in the District of Utah involved in this case. Finally, Mr. Garner resides in Arizona. For those reasons, it is obvious from the face of Mr. Garner's complaint that this court is not the proper venue for this action. Additionally, it does not appear that Mr. Garner could allege any set of facts that would support venue in this court.

Having reached those conclusions, the court must determine whether this action should be dismissed or transferred to a court in which venue is proper.[14] As shown below, because transfer would not serve the interests of justice, this action should be dismissed for improper venue.

## II. Because Transfer Would Not Serve the Interests of Justice, This Action Should Be Dismissed for Improper Venue.

Before dismissing an action for improper venue under 28 U.S.C. § 1406(a), the court must determine whether transfer serves the interests of justice.[15] In making that determination, the court must consider whether: (A) the claims alleged are likely to have merit; (B) a new action would be time barred if refiled in the proper forum; and (C) the claims were filed in good faith

---

1305620, at *2 (D.N.J. Mar. 19, 2020) ("For purposes of 28 U.S.C. § 1391(e)(1)(A), the United States and its agencies reside in Washington, D.C."); *see also* *Reuben H. Donnelley Corp. v. Fed. Trade Comm'n,* 580 F.2d 264, 267 (7th Cir. 1978) (stating that federal agencies reside in the District of Columbia).

[14] 28 U.S.C § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

[15] *Trujillo,* 465 F.3d at 1222-23 & n.16; *see also Faulkenburg v. Weir,* 350 F. App'x 208, 209-10 (10th Cir. 2009).

or, on the other hand, if it was clear at the time of filing that venue was improper.[16] As shown below, transfer of this action would not serve the interests of justice because: (A) Mr. Garner's claims lack merit; (B) Mr. Garner's claims were time barred when he filed this action, and, therefore, even if he were to refile his claims in a new action in the proper forum, they would still be time barred; and (C) Mr. Garner should have known when he filed this action that venue in this court was improper. Accordingly, this action should be dismissed instead of transferred.

  A. **Mr. Garner's Claims Lack Merit.**

Before analyzing the merits of Mr. Garner's claims, the court recognizes that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to

---

[16] *Faulkenburg*, 350 F. App'x at 210 (citing *Trujillo*, 456 F.3d at 1223 n.16).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110.

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[20]

Turning to the merits of Mr. Garner's claims, even when those claims are liberally construed, they lack merit because: (1) they were time barred when Mr. Garner filed this action; (2) the relevant statutes do not expressly establish private rights of action concerning EIPs; and (3) the court lacks jurisdiction over Mr. Garner's claim because he fails to allege that he exhausted his administrative remedies with the IRS before filing this action. The court addresses each reason in turn below.

First, Mr. Garner's claims were time barred under each of the relevant authorizing statutes when he filed this action. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") authorized an EIP of $1,200.00 for individuals, specifying that no such EIP "shall be made or allowed . . . after December 31, 2020."[21] The Consolidated Appropriations Act, 2021 ("CAA") authorized a second EIP of $600.00 for individuals, specifying that no such EIP "shall be made or allowed . . . after January 15, 2021."[22] The American Rescue Plan Act of 2021 ("ARPA") authorized a third EIP of $1400.00 for individuals, specifying that no such EIP "shall be made or allowed . . . after December 31, 2021."[23] When Mr. Garner initiated this action on

---

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[21] 26 U.S.C. § 6428(f)(3)(A)

[22] *Id*. § 6428A(f)(3)(A)(ii).

[23] *Id.* § 6428B(g)(3).

February 7, 2022,[24] the deadlines for payment of EIPs under the CARES Act, the CAA, and the ARPA had already expired. Thus, at the time his complaint was filed, Mr. Garner's claims were already time barred and, therefore, had no merit.[25]

Second, even if Mr. Garner's claims were not time barred, they would still lack merit because the CARES Act, the CAA, and the ARPA do not expressly provide for private rights of action relative to EIPs.[26] "[I]t is not [the] [c]ourt's function to raise up a cause of action where a

---

[24] Although Mr. Garner's complaint is dated December 21, 2021, the court did not receive it until February 7, 2022, when Mr. Garner filed his motion for leave to proceed under the IFP Statute. ECF No. 2. Importantly, that motion is dated January 27, 2022, over one month after the date of his complaint. ECF No. 1. Thus, notwithstanding the date of Plaintiff's complaint, the court considers it filed on the earliest date it could have been filed once the court received it, February 7, 2022.

[25] *See, e.g.*, *Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) ("[B]oth the CARES Act and the [CAA] impose deadlines for issuance of EIPs, December, 31, 2020, and January 15, 2021, respectively. Both of those deadlines passed well before Plaintiff filed the instant action. Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot." (citations omitted)); *Breton v. Mnuchin*, No. 3:21-CV-718 (SRU), 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021) ("[T]he issue whether Breton is owed payments is moot. EIPs are no longer available because the CARES Act imposed a deadline of December 31, 2020 for payments to be made or allowed. That deadline is now passed, and no more funds may be issued."); *Blankenship v. Dep't of Treasury, Internal Revenue Serv.*, No. 1:21-cv-00581-NONE-SAB, 2021 WL 4819595, at *4 (E.D. Cal. Oct. 15, 2021) ("[T]he CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline passed well before Plaintiff initiated this case on April 7, 2021, and no more funds may be issued." (citation omitted)), *report and recommendation adopted*, No. 1:21-cv-00581-NONE-SAB, 2021 WL 5921619 (E.D. Cal. Dec. 15, 2021); *Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 1:21 CV 425, 2021 WL 2550995, at *3 (N.D. Ohio June 22, 2021) ("[T]he CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline has passed, and no more funds may be issued.").

[26] *See, e.g.*, *Hayes v. Graves*, No. 4:21-CV-00347-LPR, 2022 WL 822881, at *9 (E.D. Ark. Mar. 16, 2022) (concluding that "neither the CARES Act, nor the CAA, nor the ARPA supports a private right of action"); *Arroyo v. Yelen*, No. 1:21-CV-1250 (GLS/DJS), 2022 WL 195042, at *2 (N.D.N.Y. Jan. 21, 2022) ("[C]ourts considering claims brought under the [CARES] Act have repeatedly found that it provides no private right of action, express or implied . . . ."), *report and*

statute has not created one,"[27] and "[l]ike substantive federal law itself, private rights of action to enforce federal law must be created by Congress."[28] For that additional reason, Mr. Garner's claims lack merit.

Finally, even if Mr. Garner's claims were not time barred, and he had private rights of action under the authorizing statutes, his claims would be jurisdictionally barred because he fails to allege that he filed an administrative claim with the IRS concerning the EIPs.[29] Mr. Garner alleges only that he filed an IRS Form 1040 in both 2020 and 2021, received a Notice CP13 from the IRS, and then "request[ed] a reversal."[30] Because Mr. Garner fails to make any allegations that he filed an administrative claim with the IRS, the court would lack subject-matter

---

*recommendation adopted sub nom.* No. 1:21-cv-1250 (GLS/DJS) 2022 WL 913170 (N.D.N.Y. Mar. 29, 2022); *Ballard v. US Treasury Dep't*, No. 5:21-CV-479-BO, 2022 WL 794697, at *4 (E.D.N.C. Jan. 6, 2022) ("The court . . . finds no provision for a private right of action under the CARES Act or the CAA . . . ."), *report and recommendation adopted*, No. 5:21-CV-479-BO, 2022 WL 785041 (E.D.N.C. Mar. 14, 2022); *Breton*, 2021 WL 5086400, at *3 ("There is no indication that the CARES Act provides a private cause of action for individuals seeking payment."); *Puckett*, 2021 WL 2550995, at *2 ("The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP.")

[27] *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021) (quotations and citations omitted) (stating that "there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds").

[28] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979) (available remedies are those "that Congress enacted into law").

[29] 26 U.S.C. § 7422(a) (providing that a prerequisite for a federal tax action is the filing with the IRS of "a claim for refund or credit" that complies with IRS regulations).

[30] ECF No. 4 at 1.

jurisdiction over his claims even if they did not suffer from the other two deficiencies outlined above.[31]

    **B.    Even if Mr. Garner Were to Refile His Claims in a New Action in the Proper Forum, They Would Still Be Time Barred.**

As shown above, Mr. Garner's claims were time barred when he filed this action. Thus, even if he were to refile his claims in a new action in the proper forum, they would still be time barred. Therefore, transfer of this action would serve no purpose.

    **C.    Mr. Garner Should Have Known When He Filed This Action That Venue in This Court Was Improper**

Mr. Garner should have known at the time he filed his complaint that venue was improper in this court. He should have known that the IRS resides in Washington, D.C., not in the District of Utah. Additionally, as noted above, the allegations in Mr. Garner's complaint do not describe any conduct that occurred or property located in the District of Utah, and Mr. Garner resides in Arizona. Simply put, Mr. Garner's allegations fail to demonstrate any connection between the subject matter of this action and the District of Utah. Thus, transfer of this action would not serve the interests of justice. Accordingly, this action should be dismissed for improper venue instead of transferred to another federal district.

---

[31] *See, e.g.*, *Lovo v. Internal Revenue Serv.*, No. 1:22-cv-00220-AWI-SAB, 2022 WL 1425489, at *7 (E.D. Cal. May 5, 2022) (concluding that the court lacked subject-matter jurisdiction over the plaintiff's claims for EIPs because the plaintiff failed to exhaust his administrative remedies with the IRS under 26 U.S.C. § 7422(a)); *Nanney v. Dep't of the Treasury*, No. CV 1:21-2356-MGL-SVH, 2021 WL 3375737, at *2 (D.S.C. Aug. 3, 2021) (same); *McLaughlin v. United States*, No. 4:21CV345-WS-MAF, 2021 WL 7502052, at *3 (N.D. Fla. Dec. 1, 2021) (same), *report and recommendation adopted*, No. 4:21CV345-WS/MAF, 2022 WL 522832 (N.D. Fla. Feb. 22, 2022), *appeal dismissed sub nom. McLaughlin v. Sec'y, U.S. Dep't of the Treasury*, No. 22-10795-A, 2022 WL 2116038 (11th Cir. Apr. 12, 2022); *see also* 26 U.S.C. § 7422(a).

**CONCLUSION AND RECOMMENDATION**

As demonstrated above, this court is not the proper venue for this action, and transfer would not serve the interests of justice. Therefore, this action should be dismissed for improper venue under 28 U.S.C. § 1406(a). Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.[32]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[33] The parties must file any objections to this Report and Recommendation within fourteen days after being served with a copy of it.[34] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of August 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[32] *Ballard v. Anderson*, 859 F. App'x 338, 339 (10th Cir. 2021) (providing that a dismissal for improper venue should be without prejudice).

[33] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).