THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. GARNER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART [15] REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00071-DBB-JCB<br><br>District Judge David Barlow |

Before the court is the Report and Recommendation of United States Magistrate Judge Jared C. Bennett.[1] Judge Bennett recommends this court dismiss the action without prejudice for improper venue.[2] Judge Bennett notified the parties of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[3] Plaintiff Michael A. Garner ("Plaintiff") filed an objection on August 18, 2022.[4] For the reasons set forth below, the court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

BACKGROUND

Plaintiff, currently incarcerated at the United States Penitentiary in Tucson, Arizona, initiated this action on February 7, 2022[5] by filing a motion to proceed under the Proceedings in Forma Pauperis ("IFP") Statute, 28 U.S.C. § 1915. The court granted that motion on March 14th,

---

[1] Report and Recommendation (R. & R.), ECF No. 15, filed August 4, 2022.
[2] R. & R., ECF No. 15.
[3] *Id.* at 10.
[4] Objection to Report and Recommendation (Objection), ECF No. 17, filed August 18, 2022.
[5] Plaintiff disputes this date, but it is not material to the decision.

1

and Plaintiff's complaint was filed that same day.[6] Plaintiff names the Internal Revenue Service ("IRS") as the lone defendant and generally alleges that the IRS failed to provide him with economic impact payments ("EIPs").[7] He alleges that he submitted two IRS Forms 1040, first on October 15, 2020 and again on February 15, 2021.[8] In August 2021, the IRS responded with a CP13 Notice, informing Plaintiff that the IRS "believes there's a miscalculation on your 2020 Form 1040, which affects the following area of your return: Recovery Rebate Credit."[9] Plaintiff responded requesting a reversal within 60 days of receiving the notice.[10] Plaintiff now asks the court to "compel the . . . [IRS] to issue the $3200 plus interest."[11]

Judge Bennett recommended Plaintiff's complaint be dismissed sua sponte for improper venue. Judge Bennett noted that this court was not the proper venue for this action and that transfer would not serve the interests of justice.[12] The basis for this reasoning was that (1) Plaintiff is incarcerated in Arizona, (2) the IRS is considered to reside in the District of Columbia, (3) no acts or omissions occurred in the District of Utah and (4) Plaintiff could allege no set of facts to support venue.[13] Further, Judge Bennett observed that transfer would not serve the interests of justice because Plaintiff's claims lack merit, finding that (1) they were time barred when Plaintiff filed this action, (2) the relevant statutes do not expressly establish private rights of action, and (3) the court lacks jurisdiction because Plaintiff fails to allege he exhausted his administrative remedies with the IRS before filing his complaint.[14]

---

[6] Compl., ECF No. 4.
[7] Id. at 1.
[8] Id. at 1.
[9] CP13 Notice Ex. 1 at 1, ECF No. 4.
[10] Compl. 1.
[11] Id. at 2.
[12] R. & R. 2.
[13] Id. at 3–4.
[14] Id. at 6.

Plaintiff objected, noting that he mailed the complaint in December 2021 and therefore the prison mailbox rule applied.[15] Plaintiff further argued that because he had mailed the two IRS Forms 1040 to the U.S. Treasury in Ogden, Utah, a substantial part of the events or omissions giving rise to his claim occurred within the District of Utah and made venue proper.[16]

As Judge Bennett explains in the Report and Recommendation, Plaintiff failed to allege that he exhausted his administrative remedies. Consequently, the court lacks subject matter jurisdiction and must dismiss the claim. Lacking jurisdiction, the court declines to adopt the Report and Recommendation to the extent that it recommends disposal of Plaintiff's claims for improper venue.

## DISCUSSION

I.  **This Court Lacks Subject Matter Jurisdiction Because Plaintiff Has Not Alleged That He Exhausted His Administrative Remedies.**

Plaintiff's complaint seeks three "Covid 19 stimulus" payments,[17] which this court takes to mean the EIPs created by the CARES Act,[18] the Consolidated Appropriations Act,[19] and the American Rescue Plan Act.[20] The Internal Revenue Code describes EIPs as "credits" against federal taxes.[21] Almost all U.S. citizens and resident aliens are eligible for EIPs unless (1) they are claimed as a dependent on another taxpayer's return, (2) they are a nonresident alien, or (3)

---

[15] Objection 2.
[16] *Id*. at 1.
[17] Compl. 1.
[18] Coronavirus Aid, Relief, and Economic Security Act, 26 U.S.C. § 6428(f)(3)(A).
[19] *Id.* § 6428A(f)(3)(A)(ii).
[20] *Id.* § 6428B(g)(3).
[21] *See* 26 U.S.C. § 6428(a) ("In general.--In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by subtitle A for the first taxable year beginning in 2020 an amount equal to the sum of--$1,200."); 26 U.S.C. § 6428A(a) ("In general.--In addition to the credit allowed under section 6428, in the case of an eligible individual, there shall be allowed as a credit against the tax imposed by subtitle A for the first taxable year beginning in 2020 an amount equal to the sum of--$600."); 26 U.S.C. § 6428B(a) ("In general.--In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by subtitle A for the first taxable year beginning in 2021 an amount equal to the 2021 rebate amount determined for such taxable year.").

they do not have a social security number.[22] This includes individuals who are incarcerated and individuals without an income.[23] A quick review of the IRS's website reveals that "all first and second economic impact payments have been sent out by the IRS," but individuals who did not receive the first two payments "may be eligible to claim the 2020 Recovery Rebate Claim by filing a 2020 tax return if [they] have not filed yet or by amending [their] 2020 tax return if it's already been processed."[24] For individuals who did not receive the third EIP, they "may be eligible to claim the 2021 Recovery Rebate Credit when [they] file [their] 2021 tax return."[25]

"Under 28 U.S.C. § 1346(a)(1), the United States has consented to be sued in federal district court in civil actions 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'"[26] "However, a party bringing such an action must exhaust his administrative remedies by filing a timely and proper refund claim prior to filing suit."[27] "Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit."[28]

Section 7422(a) of the Internal Revenue Code provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly

---

[22] *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 670 (N.D. Cal. 2020).
[23] *Questions and Answers about the First Economic Impact Payment—Topic A: Eligibility*, IRS (Feb. 16, 2022), https://www.irs.gov/newsroom/questions-and-answers-about-the-first-economic-impact-payment-topic-a-eligibility ("Pursuant to a permanent injunction entered in Scholl v. Mnuchin, No. 20-cv-05309 (N.D. Cal. Oct. 14, 2020), the IRS cannot deny a payment to someone who is incarcerated if they meet the criteria described above in the response to Q A1."); *Third Economic Impact Payment*, IRS (Feb. 14, 2022), https://www.irs.gov/coronavirus/third-economic-impact-payment ("People who don't normally file a tax return and don't receive federal benefits may qualify for stimulus payments. This includes those without a permanent address, an income or bank account.").
[24] *Recovery Rebate Credit: How to Claim the 2020 Recovery Rebate Credit*, IRS (Mar. 14, 2022), https://www.irs.gov/newsroom/recovery-rebate-credit.
[25] *Recovery Rebate Credit: How to Claim the 2021 Recovery Rebate Credit*, IRS (Mar. 14, 2022), https://www.irs.gov/newsroom/recovery-rebate-credit.
[26] *Green v. United States*, 428 F. App'x 863, 866 (10th Cir. 2011) (unpublished).
[27] *Id.*
[28] *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993).

filed with the Secretary, according to the provisions of law in that regard and the [Secretary's] regulations."[29] Regulations require that the claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof" and that this statement "be verified by a written declaration that it is made under the penalties of perjury."[30]

Plaintiff does not allege facts contained in his 1040 tax forms filed in 2020 and 2021 from which the court may determine whether filing the forms satisfied the administrative claim requirement.[31] Plaintiff does not indicate whether he verified by written declaration that his tax claims were submitted under penalty of perjury, nor did he attach any documents to support his assertion of submitting an administratively-compliant claim, nor does he identify what evidence, if any, he submitted to the IRS to support his request for the payment of EIPs. For the foregoing reasons, Plaintiff has not alleged that he satisfied the requirements of Section 7422(a), and the court lacks jurisdiction over his request for a tax refund at this time.

## II. Plaintiff Is Granted Leave to Amend to Allege He Did Exhaust His Administrative Remedies.

Because of the court's preference for decisions on the merits, Plaintiff is granted leave to amend his complaint. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[29] 28 U.S.C. § 7422(a); *see Green*, 428 F. App'x at 866.
[30] 26 C.F.R. § 301.6402-2(b).
[31] For example, Plaintiff has not alleged that he entered a dollar amount other than $0 for line 30 of the 2021 Form 1040. As the IRS clarified on its website, "The IRS will not calculate and correct your entry if you enter $0 or leave the line blank for the Recovery Rebate Credit. . . . Instead, the IRS will treat your entry of $0 or blank as your decision not to claim the Recovery Rebate Credit." *2021 Recovery Rebate Credit — Topic B: Claiming the 2021 Recovery Rebate Credit if You Aren't Required to File a Tax Return*, IRS (Apr. 15, 2022), https://www.irs.gov/newsroom/2021-recovery-rebate-credit-topic-b-claiming-the-2021-recovery-rebate-credit-if-you-arent-required-to-file-a-tax-return. The CP13 Notice states that Plaintiff either (1) did not include a social security number of a qualifying dependent, (2) recorded the last name of a dependent incorrectly, (3) included a dependent who exceeds the age limit, (4) had an adjusted gross income over $75,000, or (5) computed the amount incorrectly on his 2020 Form 1040. Plaintiff does not allege the IRS was in error about one or more of the above delineated possible errors.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[32]

Due to the sparsity of allegations in the complaint, the court has insufficient information to conclude that amendment would be futile. Amendment would allow Plaintiff to address the contents of his submissions to the IRS and allow the court to clarify whether he complied with the jurisdictional requirements. There is no evidence that Plaintiff has acted in bad faith and this amendment would be his first. Thus, leave to amend is appropriate.

ORDER

For the reasons set forth above, the court ORDERS:

1. The Report and Recommendation (ECF No. 15) is ADOPTED IN PART.

2. The complaint is DISMISSED for lack of subject matter jurisdiction with leave to amend.

3. Plaintiff SHALL file any First Amended Complaint within 45 days of the date of service of this order.

Plaintiff is informed that failure to file an amended complaint will result in the action being dismissed without prejudice for failure to prosecute and failure to follow the court's order.

Signed September 1, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[32] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (discussing Fed. R. Civ. P. 15(a)).