THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. GARNER,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:22-cv-00071-DBB-JCB<br><br>District Judge David Barlow |

Plaintiff Michael A. Garner filed this pro se civil lawsuit seeking a tax rebate credit under 26 U.S.C. § 7422(a). The court previously granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under § 1915, the court has screened the Amended Complaint[1] in accordance with its statutory review function.[2] Having done so, the court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

## Background

Plaintiff, currently incarcerated at the United States Penitentiary in Tucson, Arizona, initiated this action on February 7, 2022[3] by filing a motion to proceed under the Proceedings in Forma Pauperis ("IFP") Statute, 28 U.S.C. § 1915. The court granted that motion on March 14, 2022 and Plaintiff's complaint was filed that same day.[4] Magistrate Judge Bennett recommended dismissing Plaintiff's complaint.[5] This district court adopted in part the Report and

---

[1] ECF No. 21.
[2] 28 U.S.C. § 1915A.
[3] Plaintiff disputes this date, but it is not material to the decision.
[4] Compl., ECF No. 4.
[5] ECF No. 15.

Recommendation and dismissed the complaint for lack of subject matter jurisdiction[6] over Plaintiff's objection.[7] In the court's decision, it identified the facts necessary to establish subject matter jurisdiction and observed that Plaintiff had not asserted such necessary facts. Plaintiff refiled his amended complaint on September 19, 2022.[8]

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[9] The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[10]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[11] Moreover, "it is not the proper function of the court to assume the role of advocate for a pro se litigant."[12] Thus, the court cannot "supply additional facts, [or] construct a legal theory for [the] plaintiff that assumes facts that have not been pleaded."[13]

---

[6] ECF No. 19.
[7] ECF No. 17.
[8] ECF No. 21.
[9] Fed. R. Civ. P. 8(a).
[10] *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).
[11] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[12] *Id.* at 1110.
[13] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and must not refer to, or incorporate by reference, any portion of the original complaint.[14] Plaintiff should be as brief as possible while still using enough words to fully explain the who, what, where, when, and why of each claim.[15]

### Deficiencies in Complaint

(1) Plaintiff does not allege that he is an eligible individual under 28 U.S.C. §§ 6428, 6428A (e.g., that he is either a U.S. citizen or resident alien who is not claimed by another taxpayer as a dependent for 2020).[16]

(2) Plaintiff does not allege that he has a valid social security number.[17]

(3) Plaintiff does not indicate whether he verified by written declaration that his 1040 Forms were submitted under penalty of perjury (i.e., that he signed his 2020 and 2021 Forms 1040).[18]

(4) Plaintiff does not allege that he submitted a timely tax fund claim for the 2021 Recovery Rebate Credit because he did not allege that he submitted any Form 1040 during the 2022 tax filing season.

### Lack of Subject Matter Jurisdiction Persists

"Under 28 U.S.C. § 1346(a)(1), the United States has consented to be sued in federal district court in civil actions 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'"[19] "However, a party bringing such an action must exhaust his administrative remedies by filing a timely and proper refund claim prior to

---

[14] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original).
[15] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).
[16] *See* Memorandum Decision and Order Adopting in Part [15] Report and Recommendation 3–4, ECF No. 19.
[17] *See id.*
[18] *See id.* at 5.
[19] *Green v. United States*, 428 F. App'x 863, 866 (10th Cir. 2011) (unpublished).

filing suit."[20] "Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit."[21]

In both his complaint and amended complaint, Plaintiff alleges that he filed two tax refund claims through IRS Forms 1040: first on October 15, 2020 and a second time on February 15, 2021. The court takes judicial notice that the 2021 tax filing season, in which the IRS processed 2020 tax year returns, began February 12, 2021.[22] April 15, 2021 was the deadline for filing 2020 tax returns.[23] Therefore, it appears that Plaintiff filed two tax refund claims during the 2021 tax filing season.

On August 23, 2021, Plaintiff received an IRS Notice CP13, concerning "Tax Year: 2020" and his "2020 Form 1040."[24] He has not alleged that he received any notices concerning his 2021 Form 1040—he solely alleges that he has not received the 2021 Recovery Rebate Credit he claimed on his Form 1040 he filed in February 2021.

The revised IRS Form 1040 for tax year 2021 was posted on December 9, 2021.[25] The 2022 tax filing season, in which the IRS processed 2021 tax year returns, began January 24, 2022.[26]

In summary, allegations in Plaintiff's Amended Complaint suggest that he filed two IRS Forms 1040 during the 2021 tax filing season. It seems likely that Plaintiff filed his second IRS

---

[20] *Id.* Section 7422(a) of the Internal Revenue Code provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard and the [Secretary's] regulations." 28 U.S.C. § 7422(a); *see Green*, 428 F. App'x at 866.
[21] *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993).
[22] *2021 Tax Filing Season Begins Feb. 12; IRS Outlines Steps to Speed Refunds During Pandemic*, IRS (Jan. 15, 2021), https://www.irs.gov/newsroom/2021-tax-filing-season-begins-feb-12-irs-outlines-steps-to-speed-refunds-during-pandemic.
[23] *Id.*
[24] Notice CP13, Ex. A, ECF No. 21-1.
[25] *Forms, Instructions and Publications*, IRS, https://www.irs.gov/forms-instructions-and-publications (last updated Aug. 18, 2022) (entering "1040" into "find" function).
[26] *2022 Tax Filing Season Begins Jan. 24; IRS Outlines Refund Timing and What to Expect in Advance of April 18 Tax Deadline*, IRS (Jan. 10, 2022), https://www.irs.gov/newsroom/2022-tax-filing-season-begins-jan-24-irs-outlines-refund-timing-and-what-to-expect-in-advance-of-april-18-tax-deadline.

Form 1040—the one in which he claimed the 2021 Recovery Rebate Credit—on the form revision for the 2020 tax year because the 2021 revision was not posted until ten months later. Indeed, Plaintiff initiated this case before the 2022 tax filing season began,[27] the season during which the 2021 Recovery Rebate Credit first became available. Therefore, it is unlikely the claim for the 2021 Recovery Rebate Credit was timely.

Because Plaintiff has not alleged that he exhausted his administrative remedies by filing a *timely* and proper refund claim for the 2021 Recovery Rebate prior to filing this suit, the court continues to lack jurisdiction over that claim.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Plaintiff shall have FORTY-FIVE (45) DAYS from the date of this order to cure the deficiencies noted above; and

(2) If Plaintiff fails to timely cure the above deficiencies according to the instructions here, this action will be dismissed without further notice.

Signed December 5, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[27] *See* Compl. (dated December 21, 2021).