THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL A. GARNER,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00071-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Based upon the analysis set forth below, the court recommends that this case be dismissed without prejudice on the ground of mootness.

## BACKGROUND

Mr. Garner, an inmate at the United States Penitentiary in Tucson, Arizona ("Tucson Penitentiary"), initiated this case on February 7, 2022, when he filed his motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] The court granted that motion on March 14, 2022,[3] and Mr. Garner's original complaint was filed the same day.[4] Mr. Garner named the Internal Revenue Service ("IRS") as the lone defendant and generally alleged that the IRS failed to provide him with economic impact payments (collectively, "EIPs") related

---

[1] ECF No. 8.

[2] ECF No. 1.

[3] ECF No. 3.

[4] ECF No. 4.

to the COVID-19 pandemic. Mr. Garner asked the court to "compel the . . . [IRS] to issue the $3200 plus interest as promised by the President of the United States and also to include $350.00 to reimburse [his] cost of this court filling [sic]."[5]

In an August 4, 2022 Report and Recommendation, this court recommended that Mr. Garner's original complaint be dismissed sua sponte for improper venue under 28 U.S.C. § 1406(a).[6] After Mr. Garner objected to the Report and Recommendation,[7] Judge Barlow issued a Memorandum Decision and Order adopting in part the Report and Recommendation.[8] Judge Barlow declined to adopt the recommendation that Mr. Garner's original complaint be dismissed for improper venue but, instead, concluded that the court lacked subject-matter jurisdiction over Mr. Garner's claims because he failed to allege in his original complaint that he exhausted his administrative remedies with the IRS. Therefore, Judge Barlow dismissed Mr. Garner's original complaint without prejudice for lack of subject-matter jurisdiction. Judge Barlow also provided Mr. Garner with the opportunity to amend his original complaint because of the sparsity of allegations in the complaint concerning exhaustion of administrative remedies with the IRS.

Mr. Garner filed his first amended complaint on September 19, 2022.[9] In a December 5, 2022 Memorandum Decision and Order, Judge Barlow identified numerous deficiencies in Mr. Garner's first amended complaint and, therefore, provided Mr. Garner with a second opportunity

---

[5] *Id.* at 2.
[6] ECF No. 15.
[7] ECF No. 17.
[8] ECF No. 19.
[9] ECF No. 21.

to amend his complaint.[10] On March 24, 2023, Mr. Garner filed his second amended complaint, in which he still names the IRS as the sole defendant and again generally alleges that the IRS failed to provide him with EIPs.[11]

Before the court conducted its review of Mr. Garner's second amended complaint under the authority of the IFP Statute, Mr. Garner filed a motion to compel.[12] In that motion, Mr. Garner asserted, among other things, that the IRS informed an official at the Tucson Penitentiary that Mr. Garner's EIPs, along with accrued interest, were sent to the Tucson Penitentiary.[13]

Based upon that assertion, the court issued an order on December 5, 2023, which, among other things, required Mr. Garner to respond by January 2, 2024, to show cause why this case should not be dismissed on the ground of mootness.[14] Mr. Garner was warned that his failure to respond would result in this court recommending that this case be dismissed.[15] Mr. Garner failed to file a timely response to the order to show cause.

## ANALYSIS

This case should be dismissed on the ground of mootness. "Under Article III of the Constitution, the power of the federal courts extends only to actual, ongoing cases or controversies."[16]

---

[10] ECF No. 22.

[11] ECF No. 32.

[12] ECF No. 35.

[13] *Id.* at 1.

[14] ECF No. 37.

[15] *Id.*

[16] *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1211 (10th Cir. 2005) (quotations and citation omitted).

> It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed. [T]hroughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.[17]

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction."[18] "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. Without a live, concrete controversy, [a federal court] lack[s] jurisdiction to consider claims no matter how meritorious."[19]

Mr. Garner has admitted that the IRS has sent all the EIPs that are the subject of his second amended complaint. Further, this court provided Mr. Garner the opportunity to show cause why this case should not be dismissed on the ground of mootness, yet Mr. Garner failed to respond. Accordingly, the court concludes that Mr. Garner's second amended complaint no longer raises an actual and justiciable controversy to be resolved, and, therefore, the court lacks jurisdiction. Thus, this case should be dismissed without prejudice on the ground of mootness.[20]

---

[17] *United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (alteration in original) (quotations and citations omitted).

[18] *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (quotations and citations omitted).

[19] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quotations and citations omitted).

[20] *Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) ("[B]ecause the district court's dismissal was based on a jurisdictional ground—mootness—its dismissal should have been without prejudice." (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006)); *Brereton*, 434 F.3d at 1216 ("A longstanding line of cases from this circuit holds that

## RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE on the ground of mootness.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[22] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[21] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).